UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>SEAN P. RYAN )  | No.   08 CR 89<br><br>Judge Joan B. Gottschall |

**MOTION OF THE UNITED STATES FOR PROTECTIVE ORDER**

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, hereby moves the Court for entry of a protective order pursuant to Fed. R. Crim. P. 16(d)(1), and Title 18, United States Code, Section 2518(8)(b). In support of its motion, the government states:

On January 31, 2008, a one-count indictment was filed charging defendant Sean P. Ryan with selling and otherwise disposing of a firearm, namely a North China Industries SKS 7.62-caliber semi-automatic assault rifle, model Norinco, bearing serial number 9312535, with four magazines of ammunition to an individual he knew and had reasonable cause to believe had been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Sections 922(d)(1). Conversations involving defendant Ryan were intercepted pursuant to a court orders authorizing the electronic interception of wire communications over a cellular telephone. Pursuant to the government's discovery obligations and 18 U.S.C. § 2518(9), the government is required to produce materials to counsel for the  defendant relating to the interception of these conversations, including the applications, affidavits, ten-day reports and orders authorizing the electronic interception of

conversations over that cellular telephone during the period from approximately December 2, 2005, through February 10, 2006, and all sealing applications and orders as well as copies of the monitoring agents' logs and CD-ROMs of all the intercepted conversations. These Title III materials contain a host of sensitive information, including description of investigative techniques and summaries of intercepted conversations.

The electronic surveillance involved a number of offenses and individuals in addition to the defendant charged in the indictment in this case. Only a limited number of the intercepted conversations are relevant to the charges in this case.

Under Fed. R. Crim. P. 16(d), upon a sufficient showing, a court may enter a protective order denying, restricting or deferring discovery, or may "make such other order as is appropriate." *See also United States v. Bin Laden, et al.*, 58 F. Supp.2d 113, 116 (S.D.N.Y. 1999). The decision whether or not to enter a protective order under Rule 16 is a matter for the discretion of the district court and will not be disturbed on review absent an abuse of that discretion. *See United States v. Siegel, et al.*, 1997 WL 12804 * 2 (S.D.N.Y. 1997).

The Supreme Court has made clear that a trial court may issue an enforceable protective order that specifically prohibits unwarranted disclosure by a defendant or his counsel of discovery information. *Alderman v. United States*, 394 U.S. 165, 185 (1969) (discussing former Fed. R. Crim. P. 16(e) now embodied in Rule 16(d)(1)). In *Alderman*, the Court noted that "the trial court can and should, where appropriate, place a defendant and

his counsel under enforceable orders against unwarranted disclosure of the materials they may be entitled to inspect." *Id*.

The proposed protective order submitted with this motion should be entered in this case for two reasons. First, disclosure of the information, documents and recorded conversations to be provided to the defendant in discovery could have a detrimental impact on the government's investigation, which was much broader in scope then the charges in the instant case. The government has legitimate law enforcement interests in preserving the safety and integrity of its witnesses and the privacy of individuals involved in its investigations. *See In re Department of Investigation*, 856 F.2d 481, 484 (2d Cir. 1988).

The second and equally sufficient reason for entry of the protective order in this case arises from the significant constraints imposed by the federal wiretap statute, 18 U.S.C. §§ 2510-2520, on the disclosure and use of electronic surveillance information. Subsumed in these constraints and, indeed, the driving force behind them, is the protection of the privacy interests of persons including third parties who were intercepted in the electronic surveillance. Although the wiretap applications, affidavits and orders and other Title III materials will be disclosed to the defendant and his counsel pursuant to the government's discovery obligations and 18 U.S.C. § 2518(9), they otherwise remain under seal pursuant to 18 U.S.C. § 2518(8)(b). These materials may be further disclosed only "upon a showing of good cause before a judge of competent jurisdiction." 18 U.S.C. § 2518(8)(b); *In re Applications of Kansas City Star*, 666 F.2d 1168, 1175-76 (8th Cir. 1981) (observing that the district court's order which barred defendant and his attorneys from disclosing wiretap applications, orders and intercepted

3

conversations was "highly appropriate considering the 'privacy of other people'" and noting that the good cause requirement of the statute called for consideration by the courts of the privacy interests of third parties which might be affected by the disclosure).

The intercepted conversations themselves likewise remain under seal pursuant to 18 U.S.C. § 2518(8)(a). Their disclosure and use is strictly governed by the terms and limitations of 18 U.S.C. § 2517. *See United States v. Dorfman*, 690 F.2d 1230, 1232 (7th Cir. 1982) ("But by permitting disclosure of lawfully obtained wiretap evidence only under the specific circumstances listed in 18 U.S.C. § 2517, Title III implies that what is not permitted is forbidden. . ."); *In re Applications of Kansas City Star*, 666 F.2d at 1175 ("Title III specifies and limits the situations in which a recording may be used or disclosed in 18 U.S.C. § 2517."); *United States v. Cianfrani*, 573 F.2d 835, 855-56 (3d Cir. 1978) ("Title III affirmatively provides for the disclosure of intercepted communications only in certain carefully limited instances.").

Further disclosure, without judicial authorization, of the wiretap applications and orders and the large volume of intercepted conversations provided to the defendant would not only circumvent the requirements of the wiretap statute but also compromise the privacy interests of third party interceptees and the government's investigation. Thus, the Court can and should place the defendant, his counsel and other members of the defense team under an enforceable protective order against unwarranted disclosure of these and other discovery materials. *Alderman*, 394 U.S. at 185.

WHEREFORE, the government requests that the Court enter the proposed protective order submitted to the Court with this motion.

                            Respectfully submitted,

                            PATRICK J. FITZGERALD
                            United States Attorney

                            /s/ David D. Buvinger
By:    DAVID D. BUVINGER
        Assistant United States Attorney
        219 S. Dearborn St., 4th Floor
        Chicago, Illinois 60604
        (312) 353-1110

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that the following document:

**MOTION OF THE UNITED STATES FOR PROTECTIVE ORDER**

were served on February 28, 2008, in accordance with FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing pursuant to the district court's Electronic Case Filing (ECF) system as to ECF filers.

s/ David D. Buvinger<br>
DAVID D. BUVINGER<br>
Assistant United States Attorney<br>
219 South Dearborn Street<br>
Chicago, Illinois 60604<br>
(312) 353-1110