

```
                                          FILED
UNITED STATES DISTRICT COURT          APR 23 2008  TC
NORTHERN DISTRICT OF ILLINOIS
     EASTERN DIVISION
                                       MICHAEL W. DOBBINS
                                      CLERK, U.S. DISTRICT COURT
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 08 CR 0089 |
| | ) | |
| | ) | Hon. Joan B. Gottschall |
| v. | ) | Violations: Title 18, United States Code, |
| | ) | Sections 922(d), 1030(a)(2)(B) and 2 |
| | ) | |
| SEAN P. RYAN | ) | **SUPERSEDING INDICTMENT** |

**COUNT ONE**         MAGISTRATE JUDGE DENLOW

The SPECIAL MARCH 2007 GRAND JURY charges:

At times material to this indictment:

1.  SEAN P. RYAN was employed by the City of Chicago as a Chicago Police Department ("CPD") officer.

2.  On or about December 22, 2005, at Skokie, in the Northern District of Illinois, Eastern Division, and elsewhere,

SEAN P. RYAN,

defendant herein, did sell and otherwise dispose of a firearm, namely a North China Industries SKS 7.62-caliber semi-automatic assault rifle, model Norinco, bearing serial number 9312535, with four magazines of ammunition, to Individual A, who he knew and had reasonable cause to believe had been convicted of a crime punishable by imprisonment for a term exceeding one year;

In violation of Title 18, United States Code, Section 922(d)(1).

## COUNT TWO

The SPECIAL MARCH 2007 GRAND JURY further charges:

1. At times material to this indictment:

    (a) SEAN P. RYAN was employed by the City of Chicago as a Chicago Police Department officer.

    (b) The Chicago Police Department had computer access to the database of the National Crime Information Center ("NCIC"), a computerized index of criminal justice information available to federal, state, and local law enforcement and other criminal justice agencies, including sensitive law enforcement data such as an individual's criminal history and outstanding warrant information. The NCIC database was housed at the Federal Bureau of Investigation's ("FBI") Criminal Justice Information Services Division in Clarksburg, West Virginia, and was supported through federal appropriations to the FBI.

    (c) Access to information contained in the NCIC database was restricted to official use only, pursuant to:

    i. Chicago Police Department General Order 98-07-04A(VII)(A)(2), any member of the CPD who accessed information through the Department's computerized information system was accountable for the appropriate use and disposal of the information. Access to the information was restricted to official police business. Access of information for personal other reasons was strictly prohibited; and

    ii. Title 28, United States Code, Section 534, the exchange of information contained in the NCIC database was for the official use of authorized officials of the federal government, the states, cities, and penal and other institutions.

2

(d) Information contained in the NCIC database could not be divulged to anyone outside of an authorized agency except in the performance of official duties, pursuant to:

i. Chicago Police Department General Order 98-07-04(VIII)(A), records, files, or reports could be printed from computerized information systems and/or duplicated by Department personnel for Department use only, and the contents of any records, files, or reports could not be exhibited or divulged to any non-Department person or entity except in the performance of official duties; and

ii. Title 28, United States Code, Section 534, the exchange of information among authorized users of the NCIC database could be cancelled if information were disseminated outside the receiving department or related agencies.

(e) Pursuant to Chicago Police Department General Order 98-07-04A(VI)(C), members of the CPD was issued a specific Login ID in order to access information through the CPD's computerized information systems.

2. On or about December 8, 2005, at Chicago, in the Northern District of Illinois, Eastern Division,

SEAN P. RYAN,

defendant herein, intentionally accessed and caused to be accessed a computer at a Chicago Police Department land-based data terminal and exceeded his authorized access, and thereby obtained information from a department or agency of the United States, namely, the NCIC database which is housed at the Federal Bureau of Investigation's Criminal Justice Information Services Division in Clarksburg, West Virginia.

3

In violation of Title 18, United States Code, Sections 1030(a)(2)(B) and 2.

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY